1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL E. FLEMING,

11              Plaintiff,                   No. CIV S-12-0930 LKK DAD PS

12        vs.

13   JEFFREY CATLIN;                         ORDER AND
     REVELYN CATLIN,                         FINDINGS AND RECOMMENDATIONS
14
              Defendants.
15   _____/

16        By Notice of Removal filed April 10, 2012, this unlawful detainer action was

17   removed from the Yuba County Superior Court to this court by defendant Revelyn Catlin, who is

18   proceeding pro se.  On April 13, 2012, plaintiff's counsel filed a motion for remand and set the

19   matter for hearing before the undersigned on May 11, 2012.  That same day, plaintiff filed a

20   motion to shorten time, requesting that his motion to remand be heard on April 20, 2012.  This

21   matter has been referred to the undersigned for all purposes encompassed by Local Rule

22   302(c)(21).

23        As noted above, only defendant Revelyn Catlin has filed a Notice of Removal,

24   and defendant Revelyn Catlin is the only defendant who has filed an application to proceed in

25   forma pauperis.  Defendants are advised that one party proceeding pro se may not represent any

26   other party proceeding pro se.  See Local Rule 183.  Thus, each document submitted for filing by

1

1   defendants must bear the signatures of all defendants.  In the absence of the signature of

2   defendant Jeffrey Catlin, the attempted removal is tantamount to a notice of removal filed solely

3   by defendant Revelyn Catlin.[1]  See United Computer Systems, Inc. v. AT & T Corp., 298 F.3d

4   756, 762 (9th Cir. 2002) ("[T]he usual rule is that all defendants in an action in a state court must

5   join in a petition for removal . . .").

6          Moreover, it is well established that the statutes governing removal jurisdiction

7   must be "strictly construed against removal."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062,

8   1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).

9   See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of

10  Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "Federal jurisdiction

11  must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v.

12  Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "'The burden of establishing federal jurisdiction

13  falls on the party invoking removal.'"  Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930,

14  932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)).  See

15  also Provincial Gov't of Martinduque, 582 F.3d at 1087.  Moreover, "the existence of federal

16  jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to

17  those claims."  ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d

18  1108, 1113 (9th Cir. 2000).  Where it appears, as it does here, that the district court lacks subject

19  matter jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C. § 1447(c).

20         Here, defendant contends that this is a civil action over which the federal court

21  has original jurisdiction pursuant to 28 U.S.C. § 1331.  (Doc. No. 1 at 2.)  In this regard,

22

23         [1]  The absence of defendant Jeffrey Catlin from the notice of removal may well be
    purposeful.  The court notes that on December 1, 2011, defendant Jeffrey Catlin filed in another
24  matter a notice of removal that was almost identical to the notice of removal filed in this matter,
    attempting to remove to this court the same Yuba County Superior Court unlawful detainer
25  action.  See Fleming v. Catlin, No. 2:11-cv-03178 KJM KJN PS, 2012 WL 360203 (E.D. Cal.
    Feb. 2, 2012).  That matter was remanded on March 29, 2012.  See Fleming v. Catlin, No. CIV-
26  S-11-3178-KJM-KJN-PS, 2012 WL 1132120 (E.D. Cal. Mar. 29, 2012).

1    defendant argues that she has asserted in her answer to the complaint that "they are protected

2    from an eviction . . . under the terms of Title VII of the Emergency Economic Stabilization

3    'Protecting Tenants at Foreclosure Act of 2009 . . . .'" (Id.)

4            Under 28 U.S.C. § 1331, federal courts have original jurisdiction over civil

5    actions "arising under" federal law.  Removal pursuant to 28 U.S.C. § 1331 is governed by the

6    "well-pleaded complaint rule," which limits the reach of district courts to those cases where "a

7    federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar,

8    Inc. v. Williams, 482 U.S. 386, 392 (1987).  The party seeking removal bears the burden of

9    showing that "a well-pleaded complaint establishes either that federal law creates the cause of

10   action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

11   question of federal law." Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir.

12   2009) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006)).

13   The well pleaded complaint rule "makes the plaintiff the master of the claim; he or she may

14   avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc., 482 U.S. at 392.

15           Here, it is evident from a reading of plaintiff's complaint that this is nothing more

16   than a garden-variety unlawful detainer action filed against the former owner of real property

17   located in California and is based wholly on California law.  While defendant Revelyn Catlin

18   assert that her defense to the complaint is rooted in federal law, even if that assertion were true,

19   that may not serve as the basis for removal jurisdiction under 28 U.S.C. § 1331.  See Holmes

20   Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) ("A counterclaim-

21   which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot

22   serve as the basis for 'arising under' jurisdiction."); Caterpillar, Inc., 482 U.S. at 393 ("Thus, it is

23   now settled law that a case may not be removed to federal court on the basis of a federal defense .

24   . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede

25   that the federal defense is the only question truly at issue.").

26   /////

3

1       Therefore, the court finds that defendant has failed to meet her burden of

2   establishing any basis for federal jurisdiction over this action.

3       Accordingly, IT IS ORDERED that:

4       1.  The hearing of plaintiff's motion to remand (Doc. No. 3) is vacated, and that

5   motion is dropped from the court's May 11, 2012 law and motion calendar.  The motion may be

6   re-noticed if this case is not remanded by the assigned District Judge;

7       2.  Plaintiff's April 13, 2012 motion to shorten time (Doc. No. 4) is denied as

8   moot.

9       IT IS RECOMMENDED that:

10      1.  Defendant Revelyn Catlin's April 10, 2012 application to proceed in forma

11  pauperis (Doc. No. 2) be denied;

12      2.  This action be summarily remanded to the Superior Court of California,

13  County of Yuba;

14      3.  The Clerk be directed to serve a certified copy of this order on the Clerk of the

15  Yuba County Superior Court, and reference the case number 11-0000440 in the proof of service;

16  and

17      4.  This case be closed.[2]

18      These findings and recommendations will be submitted to the United States

19  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

20  fourteen days after being served with these findings and recommendations, any party may file

21  written objections with the court and serve a copy on all parties.  A document presenting

22  /////

23  /////

24

25      [2]  Defendant Revelyn Catlin is hereby cautioned that any future filing of a notice of
    removal of this state court action may result in a recommendation that the removing defendant(s)
26  be ordered to pay plaintiff's reasonable fees and costs pursuant to 28 U.S.C. § 1447(c).

4

1   objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

2   Any reply to objections shall be filed and served within seven days after service of the objections.

3   DATED: April 16, 2012.

4

5   _____

6   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7   DAD:6
    Ddad1\orders.pro se\fleming0930.ifpden.f&r.remand.ud

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26